IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50611
Summary Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

SANTOS ARNOLDO FERNANDEZ, also known as Sonny,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-00-CR-156-2-JN
--------------------
April 19, 2002

Before DeMoss, Parker, and Dennis, Circuit Judges.

PER CURIAM:[*]

Santos Arnoldo Fernandez appeals his sentence following conviction for three counts of conspiracy and possession with intent to distribute illegal narcotics. Fernandez argues that the district court was clearly erroneous in determining his role in the offense. We review a district court's determination of, for sentencing guidelines purposes, a defendant's role in the offense for clear error. United States v. Miranda, 248 F.3d 434, 446 (5th

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Cir. 2001), cert. denied, 122 S. Ct. 823 (2002).

Section 3B1.1(b) of the sentencing guidelines provides for a three-level increase "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." The district court's finding is supported by the testimony of the FBI agent Greg Smith that his surveillance showed that Fernandez's role was that of "chief lieutenant, most trusted confidante, ... enforcer." Fernandez has not shown that Smith's testimony was unreliable. See United States v. Patterson, 962 F.2d 409, 415 (5th Cir. 1992). The district court did not clearly err by finding that Fernandez was a manager or supervisor of the criminal activity not a minor participant and by adjusting the offense level accordingly.

Fernandez argues that the district court erred by finding that he obstructed justice and increasing his offense level under § 3C1.1 of the sentencing guidelines. This is a factual finding reviewed for clear error. United States v. Upton, 91 F.3d 677, 687 (5th Cir. 1996). A codefendant testified that Fernandez threatened him about testifying by stating that anyone who "talked" would be killed "along with their family." The district court did not clearly err by applying § 3C1.1 to Fernandez's sentence.

AFFIRMED.

2